107 F.3d 873
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Anthony McCLURE, Plaintiff-Appellant,
v.
Howard A. PETERS, III, et al., Defendants-Appellees.
 No. 94-2003.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 05, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 ORDER
 Anthony McClure, an inmate at the Joliet Correctional Center ("Joliet"), brought suit under 42 U.S.C. § 1983 against prison officials of the Illinois Department of Corrections in their individual and official capacities for allegedly subjecting him to cruel and unusual punishment in violation of the Eighth Amendment.[1] He claimed that these prison officials knowingly ignored an anonymous threat made on his life, and that they refused to timely grant his request to be transferred to Joliet from Stateville where he was incarcerated at the time of receiving the threat.[2] Apparently, the threat stemmed from a skirmish McClure had in September of 1990 (while he was confined at Pontiac) with a member of his former gang, the Black Gangster Disciples.
 McClure now appeals from the district court's judgment granting the defendants' motion for summary judgment. As noted by the district court in its well-reasoned opinion, McClure failed to demonstrate that he faced a substantial risk of serious harm or that the defendants failed to reasonably respond to the alleged risk. (R. at 67); see Farmer v. Brennan, 511 U.S. 825, 836-46 (1994). Hence, we affirm for the reasons stated by the district court in its April 12, 1994 Memorandum Opinion and Order. (R. at 67.)
 We further note that McClure's claims for monetary relief against the defendants in their official capacities are barred by the Eleventh Amendment. See Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989); Duckworth v. Franzen, 780 F.2d 645 (7th Cir.1985), cert. denied, 479 U.S. 816 (1986). Finally, as for McClure's argument on appeal that the district court erred in not appointing him counsel, we note that there is no right to counsel in a civil case. See, e.g., Barkauskus v. Lane, 946 F.2d 1292, 1294 (7th Cir.1991). Although unable to procure counsel for himself, McClure has demonstrated that he is quite capable of making arguments and pursuing his suit in federal court. See Maclin v. Freake, 650 F.2d 885 (7th Cir.1981). Hence, we cannot say that the district court abused its discretion in denying McClure's request for counsel. (R. at 62); see Farmer v. Haas, 990 F.2d 319, 323 (7th Cir.) (noting that we will override the district court's denial of a request for counsel only in the "extreme case" where it should have been obvious that the difficulty of the issues "would make it impossible for [the litigant] to obtain any sort of justice without the aid of a lawyer"), cert. denied, 510 U.S. 963 (1993).
 
 
 1
 Because there are no genuine issues of material fact, see Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), we AFFIRM the judgment of the district court granting the defendants' motion for summary judgment.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 McClure's lawsuit named Howard A. Peters, who was the warden of the Pontiac Correctional Center ("Pontiac") where McClure was housed from May 1989 to November 1990; Diane Jockish, Transfer Coordinator for the Illinois Department of Corrections; Thomas P. Roth, warden of the Stateville Correctional Center ("Stateville") where McClure was housed from December 1990 to May 1992; Vernon F. Scott, a caseworker at Stateville, and Yolanda Williams, a counselor at Stateville
 
 
 [2]
 McClure was eventually transferred to Joliet in 1992 following his release from disciplinary segregation at Stateville. Although the threat on McClure's life was not carried out, McClure contends that he was, nevertheless, injured by being exposed to a serious risk of harm due to the defendants' failure to transfer him immediately after he informed them of the threat. (Pl.'s Br. at 7.)